UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William J. Pierce, | ) C/A No.  3:15-3048-JFA-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Alan Wilson; Dan F. Laney, | ) |
| Defendants. | ) |

The Plaintiff, William J. Pierce, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.  This case was transferred to this Court from the District Court for the District of Columbia.  Plaintiff is an inmate at the Johnson State Prison in Wrightsville, Georgia.  Plaintiff alleges claims concerning the prosecution of a South Carolina charge of murder against him, for which he was convicted and received a life sentence in 1973.[1] See Complaint, ECF No. 1 at 3; Pierce v. State, 207 S.E.2d 414 (S.C. 1974).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  Pro se

---

[1] It appears that Plaintiff is also serving a life sentence in Georgia.  See Pierce v. State, 231 S.E.2d 744 (Ga. 1977).



complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff was convicted of murder pursuant to a 1973 trial in the General Sessions Court of Williamsburg County, South Carolina. He asserts that Defendant Judge Dan F. Laney, a former South Carolina Circuit Court Judge who presided over Plaintiff's trial, suppressed DNA evidence for over thirty years that would exonerate Plaintiff. Plaintiff claims that "just prior to 1977," Donald "Pee Wee" Gaskins told him that Judge Laney "had [the victim's] D.N.A. evidence and was protecting the police officer, a good friend." ECF No. 1 at 4. He alleges that at an evidentiary hearing held in 1985 (presumably as part of Plaintiff's appeal or application for post-conviction relief), Gaskins was supposed to testify that while working atop a building, Gaskins saw the murder victim get into a car with a policeman, but that Gaskins' lawyer was called and would



not let Gaskins testify. Plaintiff may be requesting acquittal of the South Carolina murder charge. Id. at 6. Additionally, Plaintiff requests twelve million dollars from Defendant Laney and ten and one-half million dollars from Defendant Wilson. Id. at 4.

First, to the extent that Plaintiff is requesting to be released from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"].

Additionally, Plaintiff's requests for monetary damages, which appear to be based on claims of malicious prosecution or due process violations, are subject to summary dismissal based on the United States Supreme Court's decision in Heck, in which the Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. As Plaintiff has not alleged that his conviction has been invalidated, these claims are barred by Heck and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir.

3



2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable determination applies to claims of false arrest, false imprisonment, and malicious prosecution].

It is noted that in Skinner v. Switzer, 562 U.S. 521 (2011), the Supreme Court held that Skinner's action requesting DNA testing was cognizable under § 1983, because the testing would not "necessarily" undermine the validity of his conviction. Skinner v. Switzer, 562 U.S. at 534. However, Plaintiff here appears to request damages for the withholding of evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 (1963), and as the Fourth Circuit recently noted:

> While § 1983 suits seeking DNA testing may proceed around the Heck bar, § 1983 actions based on Brady claims may not. Skinner itself makes this distinction clear. "Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a Brady claim, when successful postconviction, necessarily yields evidence undermining a conviction: Brady evidence is, by definition, always favorable to the defendant and material to his guilt or punishment."

Griffin v. Baltimore Police Dep't, 804 F.3d 692, 695 (4th Cir. 2015), citing Skinner, 562 U.S. at 536 and Brady, 373 U.S. at 87 ["We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material."]. Plaintiff here may not rely on the decision in Skinner to "spill over to claims relying on Brady." Skinner, 562 U.S. at 536. Additionally, Skinner holds that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal

4



action." Skinner, 562 U.S. at 532.  Skinner challenged the validity of the underlying state statute, but the Plaintiff in this case does not attack the validity of any underlying South Carolina statute, and appears instead to attack the rulings of the South Carolina courts and the alleged failure of Defendant Wilson to provide him with certain evidence.

Further, even if Plaintiff could rely on Skinner to bring this as a § 1983 action, his claims are barred by the applicable statute of limitations.[2]  State law concerning limitation of actions applies in claims brought under § 1983;  See Wilson v. Garcia, 471 U.S. 261, 266 (1985), partially superseded by statute as stated in Jones v. R .R. Donnelly & Sons, Co., 541 U.S. 369, 377-380 (2004); and in South Carolina, the applicable statute of limitations is generally three years.  See S.C. Code Ann. § 15-3-530.  Conversely, federal law governs the question of when a cause of action accrues; see Wallace v. Kato, 549 U.S. 384, 387 (2007); and under federal law the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury.  Id.

---

[2]The Fourth Circuit has recognized that the statute of limitations may be addressed sua sponte when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corr., 64 F.3d at 953–54.  In Nasim, the Court concluded that, in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense.  Id.; see also Hunterson v. Disbabato, 244 F. App'x 455 (3d Cir. 2007) [a district court may sua sponte dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run]; Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002)[district court may sua sponte dismiss complaint as time-barred when the defect is obvious]; Alston v. Tennessee Dep't of Corrs., 28 F. App'x 475 (6th Cir. 2002)["Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."]; Fraley v. Ohio Gallia County, 1998 WL 789385 * 1 (6th Cir. Oct. 30, 1998)[affirming sua sponte dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired]; Pino v. Ryan, 49 F.3d 51, 53–54 (2d Cir. 1995)[concluding that district court can raise statute of limitations defense sua sponte in evaluating complaint filed pursuant to § 1915].



Here, Plaintiff's claims accrued no later than "just prior to 1977", when Plaintiff knew of or had reason to know of his injury based on his assertion that Gaskins told him that Judge Laney was allegedly withholding exculpatory DNA evidence.  Id.; see also Grimes v. City of Hickory, No. 5:14–CV–160, 2015 WL 3649106, at * 3 (W.D.N.C. June 11, 2015)["the statute of limitations began to run upon discovery of the alleged unlawful conduct [the discovery "].  Even if Plaintiff did not know about the alleged DNA evidence until the hearing held on January 29, 1985, his claims are still barred by the applicable statute of limitations, as he filed this action well over three years later.

In addition to the above infirmities, to the extent Plaintiff may be attempting to have this Court interfere with a pending state court action, absent extraordinary circumstances federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).  Even though Plaintiff was convicted of the charges against him in a jury trial, any pending proceedings in the state court (e.g., a pending application for post-conviction relief) are still part of his "pending criminal case" as that terminology is understood under Younger and its progeny. See, e.g., Howell v. Wilson, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)[applying Younger as to the plaintiff's request that the district court provide direction to state court judges as to Plaintiff's  PCR, criminal, and/or DNA testing cases]; Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5 (N.D.Ill. 2000)[presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings]; Lockheart v. Chicago Police Dep't, No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug. 17, 1999)[applying Younger because post-conviction proceedings were pending].  In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth



Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts].

        In addition to the foregoing, Defendant Judge Laney is entitled to dismissal as a party Defendant in any event because he enjoys absolute judicial immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges]. Therefore, Judge Laney is entitled to dismissal as a party Defendant.



As for Plaintiff's allegations that the other Defendant, Alan Wilson, the South Carolina Attorney General, aided and abetted Defendant Laney in covering up material and exculpatory evidence, to the extent that Plaintiff is alleging claims against Defendant Wilson in his role as prosecutor, prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process.  See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009).  For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies.  Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000).  Therefore, to the extent that Plaintiff's claims against Defendant Wilson involve the prosecution of Plaintiff's criminal case,  Wilson is protected by prosecutorial immunity.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process].  Additionally, to the extent that Plaintiff alleges that Defendant Wilson's actions or inactions constituted negligence, such claims are not actionable under § 1983.  See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986).

The two named Defendants are also entitled to Eleventh Amendment immunity as to monetary claims against them in their official capacities.  The Eleventh Amendment to the United

8



States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state.  See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945));[3] see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).  Here, Plaintiff's claims as asserted are against these Defendants for actions taken by them in the course of their official duties as state officials.

---

[3]A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983.  Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)).  As such, it is no different from a suit against the State itself.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).



While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Finally, it is unclear if Plaintiff is also attempting to assert a claim for negligence under South Carolina law. However, even assuming that Plaintiff is a resident of Georgia and that diversity jurisdiction exists,[4] any such claims are also subject to summary dismissal. In a negligence action under South Carolina law, a plaintiff must show that: (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages. McKnight v. South Carolina Dep't of Corrs., 684 S.E.2d 566, 571 (S.C. 2009). Here, Plaintiff fails to allege a duty of care owed to him by Defendant Wilson under South Carolina law. Further, he has not alleged that any breach of duty by Wilson that was the actual and proximate cause of his injuries.

---

[4] While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).



**Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 27, 2016
Charleston, South Carolina

11



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

