IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William J. Pierce, | C/A No. 3:15-cv-3048-JFA-BM |
| Plaintiff, | |
| vs. | |
| Alan Wilson; Dan F. Laney, | **ORDER** |
| Defendants. | |

### I.  INTRODUCTION

William J. Pierce ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983. This case was transferred to this Court from the District Court for the District of Columbia. Plaintiff is an inmate incarcerated at the Johnson State Prison in Wrightsville, Georgia.[1] He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[2] On January 27, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") wherein he recommends that this Court dismiss the action without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff filed an objection to the Report. (ECF No. 13). Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in

---

[1] Plaintiff is apparently serving life sentences in separate murders in South Carolina and Georgia.

[2] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Further, a *de novo* review of the Magistrate Judge's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

**II.    DISCUSSION**

In his well-reasoned Report, the Magistrate Judge detailed not less than seven grounds upon which this case should be summarily dismissed. *See* ECF No. 10. By contrast, in his objection, Plaintiff makes three "objections," none of which are even remotely related to the Magistrate Judge's conclusions. *See* ECF No. 13.

First, Plaintiff contends that the Magistrate Judge misidentified his trial judge. Former South Circuit Court Judge Dan F. Laney is listed as a co-defendant in this action. For this reason, the Magistrate Judge likely assumed Judge Laney was the trial judge. However, Plaintiff maintains that Judge Laney was merely the judge who allegedly suppressed evidence prior to the trial at which Judge Louis Rosen presided. *See State v Pierce*, 207 S.E.2d 414 (S.C. 1974). Regardless, this minor error of fact is not a specific objections to any of the conclusions of the Magistrate Judge.

Secondly, Plaintiff maintains that in April of 1971, a South Carolina Law Enforcement Division investigator and the Attorney General of South Carolina granted him "full immunity." ECF No. 13 p. 3-4. Despite this alleged grant of immunity, Plaintiff was prosecuted two years later for murder and sentenced to life in prison. Again, this is not a proper objection to any part of the Magistrate Judge's recommendations.

Finally, Plaintiff contends that at his trial a witness for the prosecution was paid $5,000 by an unidentified police officer to testify against the Plaintiff. Additionally, Plaintiff alleges that Donald "Pee Wee" Gaskins[3] informed him that the testifying witness had seen the victim[4] in the presence of the same unidentified police officer prior to the murder. Further, Plaintiff insinuates the police officer may have been actually responsible for the murder.[5] Plaintiff alleges that the use of this allegedly perjured testimony constitutes a *Brady* violation. Again, regardless, these allegations are not proper objections to the Report.

---

[3] Donald "Pee Wee" Gaskins, South Carolina's most notorious serial killer, allegedly killed more than 100 people during the 1960's.
[4] Margaret "Peg" Cuttino, the 12 year old daughter of then South Carolina Senator James Cuttino, Jr. of Sumter County.
[5] Plaintiff's conviction for this murder is not without controversy. Before his execution, Gaskins himself claimed to have been responsible for the murder, and Plaintiff's confession is the subject of much debate.

Accordingly, in light of the Plaintiff's failure to specifically object to any point of error in the Magistrate Judge's conclusions, this Court is satisfied there is no clear error on the face of the Report.

### III. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **DISMISSES** this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

March 29, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge